In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-230 CV


____________________



MISTI RENE SMITH, Appellant



V.



CLINTON EUGENE SMITH, Appellee






On Appeal from the 217th District Court


Angelina County, Texas


Trial Cause No. 33684-00-06






O P I N I O N


 Misti Renee Smith and Clint Eugene Smith both filed for divorce but in separate
states. Misti's petition was brought in the 19th Judicial Circuit Court of McHenry County,
Illinois. Clint filed suit in the 217th Judicial District Court of Angelina County, Texas. 
Both the Texas trial court and the Illinois trial court determined it had jurisdiction and
consequently both trial courts proceeded to final judgment. This appeal is brought by
Misti from the decree entered by the Texas trial court.

 On appeal, Misti claims the Texas trial court did not have jurisdiction because there
was a child custody proceeding pending in Illinois when Clint filed his petition.
Alternatively, Misti contends that even if the Texas trial court did have jurisdiction, it was
precluded from exercising that jurisdiction because Illinois exercised its jurisdiction first
and in substantial conformity with its own state's law. Finally, Misti argues that the
judgment of the Illinois court is binding on Clint because it was rendered by a court
exercising jurisdiction substantially in conformity with its own state's law and the Uniform
Child Custody Jurisdiction and Enforcement Act (UCCJEA). One issue underlies all of
these assertions, whether Illinois was the home state of R.J.S. at the time child custody
proceedings commenced.

 Under the Family Code, the Texas trial court was proscribed from exercising its
jurisdiction if "at the time of the commencement of the proceeding, a proceeding
concerning the custody of the child [had] been commenced in a court of another state
having jurisdiction substantially in conformity with this chapter. . . ." See Tex. Fam.
Code Ann. § 152.206 (a) (Vernon 2002). Further, the Texas trial court was authorized
to make the determination whether "a child custody proceeding [had] been commenced in
a court in another state having jurisdiction substantially in accordance with this chapter.
. . ." See Tex. Fam. Code Ann. § 152.206(b) (Vernon 2002).

 The record before this court does not conclusively establish the date Misti moved
to Illinois with R.J.S. so as to establish R.J.S.'s home state as a matter of law. Misti
contends she moved to Illinois in August of 1999, making Illinois the home state of R.J.S.
at the pertinent time of June 2000. (1) See Tex. Fam. Code Ann. § 152.201 (Vernon 2002). 
Clint claims the move was not until mid-February of 2000, in which case jurisdiction
would lie in Texas. Id. § 152.201. This dispute was resolved by the Texas trial court in
favor of Clint. (2) The Illinois trial court reached a different conclusion but that alone does
not conclusively negate the determination of the Texas trial court. On appeal, no challenge
is made regarding that finding and the record contains evidence in support of it. 
Accordingly, we cannot say the Texas trial court abused its discretion in finding it had
jurisdiction. Because the record supports a finding that Illinois was not the home state of
R.J.S. in June of 2000, and so was not "another state having jurisdiction substantially in
conformity with this chapter," we cannot say the trial court erred in exercising its
jurisdiction. For these reasons, all of appellant's issues are overruled and the judgment
of the trial court is AFFIRMED.

 PER CURIAM


Submitted on October 30, 2002

Opinion Delivered December 12, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. There is no dispute that nothing was filed by either party until sometime in June of
that year.
2. Where the record contains no findings of fact or conclusions of law it is implied
the trial court made all necessary findings of fact to support its judgment. See In the
Interest of A.D.H., 979 S.W.2d 445, 448 (Tex. App.--Beaumont 1998, no pet.).